DOUCET, Judge.
On June 20, 1985, plaintiff, Albert Celes-tine, attended a concert at the Lake Charles Civic Center. At intermission, plaintiff left his seat and walked toward the concession area. As plaintiff proceeded toward the concession area, he slipped and fell on a piece of ice and sustained injuries. Plaintiff filed suit seeking damages for the injuries sustained. Made defendants were the City of Lake Charles; its insurer, National Union Fire Insurance Company; Pace, the promoter of the concert; and Pace’s insurer, Monticello Insurance Company.
The pertinent provision of the lease agreement entered into between Pace and the City of Lake Charles is as follows:
“Upon inspection and acceptance on [sic] the leased premises by the LESSEE, said LESSEE will assume full responsibility for the condition thereof and agrees to indemnify LESSOR against liability to third parties resulting therefrom. LESSEE further agrees to indemnify and hold LESSOR harmless against any loss or liability for or on account of any injury to (including death of) persons or damages to property, including cost, attorney fees and expenses incident thereto, arising from LESSEE’S occupancy of the leased premises. LESSEE further assumes full responsibility for the character, acts and conduct of all persons admitted to said premises, or to any portion of said building by consent of said LESSEE or by or with the consent of the LESSEE’S employees, or any person acting for and on behalf of said LESSEE, and LESSEE agrees at it [sic] expense to have at all times a sufficient police force, stage hands and other personnel to maintain order and protect the persons and property the sufficiency of and the type of police force to meet the approval of the Lake Charles Civic Center Manager.” (Emphasis added).
The City of Lake Charles and its insurer filed a cross-claim aginst Pace and its insurer seeking indemnity for loss or liability to plaintiff arising from a condition of the premises or from the character, acts or conduct of any person admitted to the premises.
Plaintiff testified that he slipped on a foreign substance on the floor. Plaintiff and his witness, David Patt, further testified that following the slip and fall, plaintiff’s pant leg was wet and there was an undetermined amount of ice on the floor in the immediate vicinity. David Patt added that he believed that the ice had been dropped by another patron of the concert.
Motions for Summary Judgment were filed on behalf of Pace, the City of Lake Charles, and their respective insurers. The lower court denied Pace’s motion and granted the motion of the City and its insurer. The Summary Judgment in favor of the City of Lake Charles provides as follows:
“IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED tht the Motion For Summary Judgment on behalf of the CITY OF LAKE CHARLES and NATIONAL UNION FIRE INSURANCE COMPANY be, and the same is hereby, granted; and that PACE MANAGEMENT CORPORATION shall provide indemnity, including costs, attorney’s fees and expenses incident thereto, to the CITY OF LAKE *148 CHARLES for any and all loss or liability to ALBERT CELESTINE arising from a condition of the premises or from the character, acts or conduct of any person admitted to the premises.”
On appeal, Pace seeks to avoid the Summary Judgment on the basis that material issues of fact exist regarding the liability of Pace to indemnify the City for loss or liability to plaintiff arising from a condition of the premises and/or from the character, acts or conduct of any person admitted to the premises. We affirm.
The Summary Judgment granted by the lower court follows the language of the Lease Agreement concerning the indemnity owed by Pace to the City of Lake Charles. The Summary Judgment does not, as Pace suggests, obligate them to indemnify the City for the City’s own negligence. The judgment clearly obligates Pace to indemnify the City of Lake Charles only in the event that the City’s liability to plaintiff is based upon a “condition of the premises or the character, acts or conduct of any person admitted to the premises.”
As correctly stated by the City of Lake Charles in its appellate brief: “The Summary Judgment is nothing more or less than a judgment as to the applicability of the indemnity provisions in the Lease Agreement and does not purport to make any further factual determinations.” We find that the trial court did not err when it made this determination.
Pace, in its reply brief, cites authority which purportedly stands for the proposition that the issue of liability must be determined before the obligations under the indemnity provisions of the lease agreement can be fixed. We reject Pace’s argument as this case is distinguishable upon its facts from the cited cases.
Accordingly, for the reasons assigned, the judgment of the lower court is affirmed at Pace’s cost.
AFFIRMED.
YELVERTON, J., concurs and assigns written reasons.